IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| nCLOSURES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 9358 |
| | ) | |
| BLOCK AND COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff nClosures Inc.'s (nClosures) motion for a finding of contempt against Defendant Block and Company (Block). For the reasons stated below, the motion is denied.

## BACKGROUND

nClosures alleges that it has invested more than $300,000 in the design and sale of certain tablet enclosures, including the Rhino iPad Enclosure (Rhino Enclosure). In 2011, Block allegedly approached nClosures about forming a partnership, and the parties allegedly entered into a Confidentiality and Non-Disclosure Covenant (NDA) so that they could explore the potential partnership.

Based on the NDA, nClosures allegedly provided Block with nClosures' confidential information, including designs, market knowledge, manufacturing set-up, solid models, and assembly drawings. nClosures alleges that Block took nClosures' confidential information and used it to create its own iPad tablet enclosure. During the development of Block's product, Block allegedly reiterated to nClosures that a partnership existed between the parties. Block allegedly launched its own product in August of 2012, and later that month indicated to nClosures that Block would no longer sell products by nClosures, effectively terminating the partnership between the parties. Block has not shared with nClosures any of the benefits Block has received from the sale of its own tablet enclosure products. In addition, Block allegedly continues to sell products that Block represents are Rhino Enclosures, which has allegedly caused customer confusion regarding whether nClosures or Block is the source of such products.

 nClosures brought the instant action and includes in its amended complaint a fraud claim (Count I), a trade secret misappropriation claim (Count II), a breach of fiduciary duty claim (Count III), a breach of contract claim (Count IV), and an unfair competition claim brought pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., (Count V). nClosures moved for a preliminary injunction based upon the breach of contract claim and Block's alleged use of nClosures' confidential designs and

manufacturing knowledge. On January 10, 2013, the court granted nClosures' motion for a preliminary injunction. The court entered an order (Order) under which Block was (1) enjoined from advertising, or otherwise promoting its tablet enclosure products at the National Retail Federation Convention & Expo in New York beginning on January 13, 2013; (2) enjoined from further using nClosures' tablet enclosure designs, manufacturing know-how, and market knowledge until a final determination on the merits is made in this case; and (3) enjoined from disclosing nClosures' tablet enclosure designs, manufacturing know-how, and market knowledge to any third parties until a final determination on the merits is made in this case. In addition, Block was ordered to immediately return all instances of nClosures' tablet enclosure designs, manufacturing know-how, and market knowledge to nClosures and thereafter certify that all copies of information had been either returned or destroyed. nClosures now moves for a finding of contempt against Block, arguing that Block has violated and continues to violate the Order. nClosures requests that the court order Block to pay $5000 per day until Block certifies in writing that it is complying with the Order, and to pay a fine equal to $5000 per day for every violation after such certification is made. nClosures also requests an award of the attorneys fees and costs it has incurred in bringing the instant motion.

## LEGAL STANDARD

The court's power to hold a litigant in civil contempt is based on "its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)(citation omitted). The court will make a finding of civil contempt only if the moving party establishes "by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). The sanctions imposed for civil contempt can be compensatory or coercive in nature. *S.E.C. v. First Choice Management Services, Inc.*, 678 F.3d 538, 544 (7th Cir. 2012)(citation omitted).

## DISCUSSION

nClosures argues that Block should be held in contempt because (1) Block continued to advertise its tablet enclosure products on Block's website after entry of the Order, (2) Block continues to advertise its tablet enclosure products on the websites of its distributors and value-added resellers (VARs) in violation of the

Order, and (3) Block has misrepresented the reason for suspension of its tablet enclosure products sales.

I.  Advertising of Tablet Enclosure Products on Block's Website

Block argues that it has made reasonable and diligent efforts to comply with the Order, and that nClosures has not shown clear and convincing evidence to the contrary.  nClosures has submitted affidavits indicating that certain websites maintained by Block continued to advertise tablet enclosure products after the Order was entered.  In response, Block has submitted an affidavit from Jerry Bergquist (Bergquist), the individual responsible for maintaining Block's websites, indicating that Bergquist was notified shortly after entry of the Order that all metal-based tablet enclosures needed to be removed from Block's websites.  (Bergquist Decl. Par. 5). Bergquist also indicates in his sworn affidavit that throughout that week, Block broadened the scope of materials to be removed from its websites and took multiple steps to ensure that advertisements of all tablet enclosure products were removed from Block's websites.  (Bergquist Decl. Par. 6-7).  With respect to Block webpages that continued to advertise tablet enclosure products until January 25, 2013, Bergquist explains their limited availability and/or the reasons that Block's initial removal attempts were unsuccessful.  (Bergquist Decl. Par. 8-9).  In addition,

Bergquist has attested to Block's subsequent efforts to ensure that there is no further advertising of Block's tablet enclosure products on any of Block's websites and the reason that certain images of tablet enclosure products were not initially discovered by Block. (Bergquist Decl. Par. 10-14). Although nClosures complains that Block removed offending material from its websites only after nClosures notified Block regarding its presence, nClosures concedes that Block has now removed all tablet enclosures products from its websites. Therefore, based upon the record before the court, nClosures has not shown by clear and convincing evidence that Block failed to make reasonable and diligent efforts to comply with the Order by advertising tablet enclosure products on its websites subsequent to the entry of the Order.

II. Advertising of Tablet Enclosure Products on Distributor and VAR Websites

Pursuant to Federal Rule of Civil Procedure 65(d)(2), the Order binds "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). nClosures argues that the Order extends to advertising done by distributors and VARs of Block's products because Block provides the marketing materials that are used by such parties in selling Block's products. However, the mere fact that Block provides product and

marketing materials to distributors and VARs does not demonstrate control over their advertising and sales of the products they have purchased for resale. Block has presented a sworn affidavit from Ivelisse Gomez (Gomez), a Sales Engineer for Block, who indicates that Block sells products to nonexclusive distributors who resell them to VARS, who sell them to end-users. (Gomez Decl. Par. 2-7). Gomez also indicates in her sworn affidavit that "Block has no ownership interest in the distributors or VARs," that "Block has no control over the activities of the distributors or VARs," that distributors and VARs are not obligated to buy product from Block, that Block has "no control over whether or not distributors or VARs use Block's promotional materials," and that "Block has no control over VAR's sales/marketing efforts." (Gomez Decl. Par. 10).

    nClosures also argues that Block has presented clear and convincing evidence that Block exercises control over the VARs. However, the sworn statements nClosures points to merely indicate that VARs are able to contact Block directly to inquire about product availability, and that one person at Block believed that the VAR was restricted from selling Block's tablet enclosure products until more product became available from Block. (Gorman Dec. Par. 6-7). However, in the face of the evidence presented by Block, such statements do not amount to clear and convincing evidence of Block's control over distributors and VARs. Moreover,

Gomez also attests that Block ceased sending additional marketing materials to distributors and VARs after entry of the Order, and that the sales team notified distributors to delete the products from their line card, to delete the products from their websites, and to discontinue selling the products. (Gomez Decl. Par. 11). There is no evidence that Block has control over its distributors. Therefore, based on the record before the court, nClosures has not shown by clear and convincing evidence that the advertising of Block's tablet enclosure products on the websites of distributors and VARs constitutes a lack of compliance by Block with the Order.

III. Representations Regarding Unavailability of Product

     nClosures argues that Block's alleged misrepresentation regarding unavailability of the product due to a design defect warrants a finding of contempt. There is not sufficient evidence that Block has violated the Order to warrant contempt. Based upon the above, the motion for a finding of contempt is denied.

## CONCLUSION

Based on the foregoing analysis, the motion for a finding of contempt is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 19, 2013